IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Tyrone Lamar Baynham,

        Plaintiff,

v.                                    Case No. 14-2053-JTM

Carolyn W. Colvin,
Acting Commissioner of Social Security

        Defendant.


**MEMORANDUM AND ORDER**

Plaintiff Tyrone Baynham, acting pro se, seeks review of a final decision by defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Plaintiff alleges that the Commissioner erred in denying DIB because the Administrative Law Judge ("ALJ") failed to properly consider his mental and physical limitations. As discussed below, the Commissioner's decision is affirmed.

## I. Background

On July 12, 2011, plaintiff applied for DIB and supplemental security income pursuant to the Act. The state agency and the Social Security Administration denied his applications initially. Plaintiff requested and received a hearing before an ALJ on August 23, 2012.

The ALJ found that plaintiff had the severe impairments of depression, degenerative joint disease, and degenerative disk disease mild with no radiculopathy.

He further found that plaintiff's impairments do not meet or exceed the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1, and that plaintiff retained the residual functional capacity ("RFC") to perform light work. The ALJ thus determined that plaintiff was not disabled under the Act. Plaintiff then requested review by the Appeals Council. The Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405.

## II. Legal Standard

This court reviews the ALJ's decision under 42 U.S.C. § 405(g) to "determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence requires more than a scintilla but less than a preponderance." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (citation omitted). The possibility that two inconsistent conclusions may be drawn from the evidence does not preclude a finding that the Commissioner's decision was based on substantial evidence. *Id.*

## III. Analysis

Plaintiff does not set forth specific legal grounds for challenging the ALJ's decision. Instead, he (1) restates in his two-page brief that "all of [his] medical [and] [m]ental [h]ealth issues support a finding of disability and (2) notes that he submitted

2

the opinion of Raul Huet, M.D., to the Appeals Council – evidence that was not submitted to the ALJ. (Dkt. 35, at 1-2). Pro se briefs are to be liberally construed and held to a "less stringent standard than formal pleadings filed by attorneys." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Moore v. Astrue*, 274 F. App'x 719, 720 (10th Cir. 2008) (unreported). However, the court will not construct a legal theory on a pro se plaintiff's behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The court thus liberally construes plaintiff's brief as arguing that (1) the ALJ improperly weighed the evidence in determining disability and (2) that evidence of Dr. Huet's opinion undermines the ALJ's decision.

*1. The court will not reweigh the evidence supporting the ALJ's decision.*

Plaintiff notes that he suffers from chronic back pain and posttraumatic stress disorder, and that he makes frequent trips to the doctor. He argues that these limitations render him disabled.

He does not allege that the ALJ erred in any determination of credibility, weighing medical opinions, or otherwise. This allegation is best characterized as asking the court to reweigh the evidence regarding the ALJ's disability determination. However, the court's role is not to "reweigh the evidence or substitute its judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008). To the extent that plaintiff asks the court to "view the evidence in a light more favorable to him . . . we must decline his invitation." *Marshall v. Astrue*, 290 F. App'x 90, 91 (2008) (unreported) (citing *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008)).

<u>*2. Dr. Huet's opinion does not undermine the ALJ's decision.*</u>

Dr. Huet's Social Security Mental RFC Questionnaire opinion was not submitted before the ALJ, but is part of the record to be considered now because it was submitted to and considered by the Appeals Council. (Dkt. 22, at 4-7); *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006); *see* 20 C.F.R. § 404.970(b).

Dr. Huet opined that plaintiff suffers from major depressive disorder and moderate anxiety that cause fatigue and severely impact his ability to work. Dr. Huet opined that plaintiff can tolerate no stress in a work environment and will not be able to maintain employment because of his condition. The opinion presents limitations primarily associated with plaintiff's ability to interact with others.

However, Dr. Huet's opinion is unsupported by any treatment notes or other medical records regarding his treatment of plaintiff. The opinion is thus not well-supported by objective evidence. The ALJ gave great weight to the opinion of State agency psychological consultant Keith Allen, Ph.D., who opined that plaintiff is only moderately limited in his ability to interact with the public and operate in an employment setting. The ALJ found Dr. Allen's opinion well-supported by objective medical evidence from plaintiff's treatment records. Thus, Huet's opinion is also inconsistent with other, well-supported opinion evidence.

In *Martinez*, the plaintiff presented medical evidence to the Appeals Council that was not presented to the ALJ. 444 F.3d at 1206-08. The Appeals Council noted its consideration of the new evidence in its decision not to review the ALJ decision. *Id.* at 1208. On appeal, the Tenth Circuit determined that the new evidence – medical

treatment records – did not undercut the ALJ's decision because they would not have altered her finding, had they been available to the ALJ. *Id.* Similarly, Dr. Huet's opinion would not alter the ALJ's determination that plaintiff retained the RFC to perform light work because his opinion is not well supported and would receive little weight. Thus, it would not alter the decision as against Dr. Allen's opinion, which was given great weight.

Upon review of the record, the court finds that Dr. Huet's opinion is not well-supported and would thus not undermine the ALJ's decision, which is otherwise supported by substantial evidence in the record.

IT IS ACCORDINGLY ORDERED this 14th day of July, 2015, that the Commissioner's decision is AFFIRMED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE